JUSTICE LEAPHART,
specially concurring.
¶47 I concur with the Court’s resolution of Issues 2, 3 and 4 and I specially concur as to Issue 1 which addresses the District Court’s denial of McGillen’s motion for a new trial on the grounds of jury misconduct. McGillen claims jury misconduct or irregularity in the proceedings because juror Trout shared information with other jurors that he knew one of Plum Creek’s witnesses, Don Luce. Specifically, juror Trout told the other jurors that Luce was not intimidating.
¶48 For the reasons set forth in my specially concurring opinion in State v. Kelman (1996), 276 Mont. 253, 263, 915 P.2d 854, 860, I do not agree with the Court’s conclusion that Trout’s sharing of this information was an internal rather than an external influence on the jury’s verdict. However, since the issue before the jury was whether McGillen’s conduct was intimidating, not whether Luce was intimidating to McGillen, the external influence, if any, was not relevant to the jury’s deliberations. Furthermore, as noted by the Court, the affidavits submitted by McGillen do not show that the jurors were influenced or prejudiced by Trout in reaching their decision. Accordingly, I would hold that any error resulting from the jury misconduct was harmless.